# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DONAHUE GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV01584 ERW |
| | ) | |
| DEREK DICKEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's first amended complaint [Doc. #5]. As set forth below, the Court will order process to issue as to defendants Derek Dickey and Thomas L. Bromley.  The Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) as to defendants Terry Russell, Randy Roper, Unknown Luster, Unknown Kitchell, and John Doe ("Inspector General from Jefferson City").  The Court will dismiss this action as to defendants Unknown Green and Unknown Morgan, because they are not properly joined in this case under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff, formerly an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"),[1] seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983.  Named as defendants are Derek Dickey (Correctional Officer), Thomas L. Bromley (Correctional Officer), Terry Russell (Superintendent), Randy Roper (Functional Unit Manager), Unknown Luster (Correctional Officer), Unknown Kitchell (Correctional Officer), Unknown Green, Unknown Morgan, and John Doe ("Inspector General from Jefferson City").  Plaintiff is suing defendants in their individual and official capacities.

---

[1]After filing the instant action, plaintiff was released from ERDCC, and he is now on parole.

In paragraphs one through six of the amended complaint, plaintiff asserts claims against defendants Derek Dickey and Thomas L. Bromley, for physically and sexually assaulting him on April 20, 2012.  Plaintiff claims that he suffered "bruises on his face and to his face and to his ribs and pain, also to his anus."  As to defendant Russell, plaintiff states, "T]he superintendent is the warden in charge of this institution and has the power to suspend or fire C.O.'s when they commit assaults against inmates.  He failed to do anything."  As to defendant Roper, plaintiff states, "[H]e has full control of the H.U.  He approves and disapproves all conduct violations and I.R.R.'s before they go to the superintendent's office.  He has the power to remove these officers . . . but failed to do so.  The only response I got from his office on the I.R.R. was - 'Not resolved by discussion.'"

In the remaining nineteen paragraphs of the amended complaint, plaintiff alleges that defendants Green and Morgan assaulted him on October 14, 2012, and retaliated against him after plaintiff asked for a hair cut.  Plaintiff also mentions that "they read my legal mail and maybe the mail that's going out."

## Discussion

### I.  Permissive Joinder

At issue is whether the nine named defendants are properly joined in the instant lawsuit.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should

-3-

question joinder of defendants and claims in prisoner cases).  For the following reasons, the Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

The allegations in paragraphs numbered one through six of the amended complaint relative to the alleged April 20, 2012 assault [Doc. #5, pages 6 thru 9 of 18] do not pertain to the same defendants or arise out of the same series of transactions and occurrences as those in the remaining nineteen paragraphs of the amended complaint relative to the alleged October 14, 2012 assault and retaliation claims [Doc. #5, pages 10 thru 12 of 18].  As a result, the named defendants in this action are not properly joined under Rule 20(a)(2).

Because plaintiff's allegations first address claims against Derek Dickey, Thomas L. Bromley, Terry Russell, Randy Roper, Unknown Luster, Unknown Kitchell, and John Doe #1 ("Inspector General from Jefferson City") relative to the April 20 assault, and because defendants are not properly joined under Rule 20(a)(2), the Court will dismiss this action without prejudice as to defendants Unknown Green and Unknown Morgan.  If plaintiff wishes to bring claims against these, and perhaps other, individuals arising out of the October 14 assault, retaliation, and/or mail issues, he must file a separate complaint, or complaints, against them, in compliance with the Federal Rules of Civil Procedure.

## II.  Review under 28 U.S.C. § 1915(e)(2)(B)

### A.  Claims against defendants Russell, Roper, Luster, Kitchell, and John Doe ("Inspector General from Jefferson City")

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff).  In the instant action, plaintiff has not set forth any facts indicating that defendants  Unknown Luster, Unknown Kitchell, and/or John Doe #1 ("Inspector General from Jefferson City") were

directly involved in or personally responsible for the violation of his constitutional rights.  As such, these defendants will be dismissed pursuant to § 1915(e)(2)(B).

The Court will also dismiss defendants Russell and Roper.  Plaintiff's claims against these two defendants are based on their supervisory positions; however, the respondeat superior theory is inapplicable in § 1983 actions.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp. 2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

## B.  Claims against defendants Dickey and Bromley

Plaintiff alleges that defendants Derek Dickey and Thomas L. Bromley violated his Eighth and Fourteenth Amendment rights when they assaulted him on April 20, 2012.

At this point, it is important to note the difference between constitutional claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the Eighth Amendment. United States Supreme Court precedent suggests that these two types of claims should not be conflated.  *See Graham v. Connor*, 490 U.S. 386 (1989).  In *Graham*, the Supreme Court rejected various lower courts' reliance on substantive due process standards in evaluating an excessive-use-of-force claim against a "free citizen," where such claims were covered by explicit provisions in the Constitution, namely the Fourth Amendment.  *Id*. at 392-95.[2]  Later, in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273(quoting *Graham*, 490 U.S. at 395); *see also*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999)(applying analytical framework of First Amendment to plaintiffs' claims they were retaliated against for engaging in the constitutionally-protected

---

[2]More specifically, the Court pointed to the Second Circuit's four-factor substantive due process test in *Johnson v. Glick*, 481 F.2d 1028, *cert. denied*, 414 U.S. 1033 (1973), as an illustration of what should *not* be used when an enumerated constitutional right is available as a source of protection.

activity of accessing the courts; abrogating the Circuit's prior decisions imposing Fourteenth Amendment substantive due process test to prisoners' claims of retaliation in violation of an enumerated constitutional right).

Applying these precepts to the case at bar, the Court concludes that because plaintiff's Fourteenth Amendment due process claims arose out of defendants' alleged assault and excessive use of force against him while he was confined at ERDCC, it is the Eighth Amendment that must be the exclusive guide for analyzing plaintiff's constitutional claims.  In other words, it is this particular amendment that provides the explicit textual source of constitutional protection, and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used.  *Cf. Cornell v. Woods*, 69 F.3d 1383, 1387-90 (8th Cir. 1995)(analyzing claim of retaliatory discipline exclusively under First Amendment).  Thus, because the Eighth Amendment properly covers plaintiff's claims against both Dickey and Bromley, the Court will dismiss plaintiff's Fourteenth Amendment substantive due process claims against them.

The Court notes that plaintiff is suing Dickey and Bromley in their individual and official capacities.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under

§ 1983." *Id.*  Thus, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Dickey and Bromley  in their official capacities.  These defendants may, however, be sued in their individual capacities.

In addition, the Court notes that plaintiff is suing Dickey and Bromley for both monetary and injunctive relief.  Because plaintiff has been released on parole and is no longer incarcerated, the Court will dismiss, as moot, his claims for injunctive relief against these defendants.  *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999)(inmate's claims for injunctive relief are moot when he is no longer subject to alleged unlawful actions).

In conclusion, the Court finds that plaintiff's claims for monetary relief arising out his assault and excessive-use-of-force allegations against defendants Derek Dickey and Thomas L. Bromley in their individual capacities are sufficient to state Eighth Amendment claims for relief, and therefore, process shall issue against these defendants.  All other claims and defendants will be dismissed, as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **DENIED** as moot.[3]

---

[3]The Court granted plaintiff *in forma pauperis* status on October 4, 2012 [Doc. #4].  The Court received plaintiff's initial partial filing fee on November 1, 2012.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the first amended complaint [Doc. #5] as to plaintiff's claims for monetary relief for Eighth Amendment violations against defendants Derek Dickey and Thomas L. Bromley in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims for injunctive relief are **DISMISSED** as moot.  *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment substantive due process claims against defendants Derek Dickey and Thomas L. Bromley are **DISMISSED**, without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure,  defendants Derek Dickey and Thomas L. Bromley shall file a responsive pleading to plaintiff's claims for monetary relief for Eighth Amendment violations, as set forth in the first amended complaint.

**IT IS FURTHER ORDERED** that, as to defendants Terry Russell, Randy Roper, Unknown Luster, Unknown Kitchell, and John Doe ("Inspector General from Jefferson City"), the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that defendants Unknown Green and Unknown Morgan are **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Donahue Goins v. Derek Dickey, Thomas L. Bromley, Terry Russell, Randy Roper, Unknown Luster, Unknown Kitchell, Unknown Green, Unknown Morgan, and John Doe #1 ("Inspector General from Jefferson City").*

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

So Ordered this 30th day of January, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE