UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONAHUE GOINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:12CV01584 ERW |
|  | ) |  |
| DEREK DICKEY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Donahue Goins's Motion to Reopen Case [ECF No. 21] and Motion to Appoint Counsel [ECF No. 22].

On August 29, 2012, Plaintiff Donahue Goins, an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, filed a pro se Complaint against various ERDCC employees, seeking monetary and injunctive relief in an action brought pursuant to 42 U.S.C. § 1983. On January 30, 2013, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed, without prejudice, all of Plaintiff's claims, except his claims for monetary relief against Defendants Derek Dickey and Thomas Bromley, in their individual capacities, for allegedly violating Plaintiff's rights under the Eighth Amendment of the United States Constitution by physically and sexually assaulting him. *See* ECF Nos. 7-8. Thereafter, the Court issued a Case Management Order [ECF No. 12].

At some point, Plaintiff was released on parole from prison, but failed to update his current mailing address. Additionally, he failed to comply with deadlines set forth in the Case Management Order. Therefore, on July 16, 2013, the Court ordered Plaintiff to show cause by July 31, 2013 why this action should not be dismissed for failure to abide by rules of this Court

and failure to prosecute. The Court also ordered Plaintiff to verify his correct contact information. Plaintiff failed to make such showings, and on August 22, 2013 the Court dismissed his case without prejudice. On February 13, 2014, Plaintiff moved to reopen his case. The Court, liberally construing Plaintiff's motion as seeking Relief under Federal Rule of Civil Procedure (FRCP) 60(b), found Plaintiff failed to show exceptional circumstances warranting the reopening of his case. The Court denied his motion, and ordered the Clerk of the Court to mail Plaintiff the form for filing a new Complaint. ECF No. 20 at 3. In the instant Motions, Plaintiff again asks the Court to reopen this case, and he asks the Court to appoint counsel for him. Plaintiff's most current address information indicates he has returned to ERDCC.

The Court liberally construes Plaintiff's instant Motion to Reopen as a motion for relief under FRCP 60(b). *See, e.g.*, *Collum v. PayPal*, No. 8:12CV153, 2012 WL 3760792, *1 (D. Neb. Aug. 29, 2012). Under Rule 60(b), district courts may "vacate a judgment that was secured through a party's misrepresentations, among other things, and for 'any other reason justifying relief.'" *Harley v. Zoesch*, 413 F.3d 866, 870 (2005) (citing Fed. R. Civ. P. 60(b)(3), (6)). However, "Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002).

Plaintiff's instant Motion to Reopen is substantially similar to his previous motion, dated February 13, 2014. *See* ECF No. 17. For the same reasons the Court denied Plaintiff's previous motion, the Court now denies the instant Motion to Reopen, without prejudice to filing a new Complaint. As explained in the Memorandum and Order dated April 16, 2014, Plaintiff has failed to show exceptional circumstances warranting the reopening of his case. Additionally, Plaintiff breached his affirmative duty to "promptly notify the Clerk and all other parties to the proceedings of any change in his . . . address and telephone number." Local Rule 45-2.06(B).

Failure to notify the Court of a change address within 30 days is cause for dismissal. *Id.* The Court also notes, in his current Motion to Reopen, Plaintiff raises new claims outside the scope of his original Complaint; Plaintiff's new claims are best addressed in a new Complaint.

Any new Complaint filed by Plaintiff should take into consideration the Court's Order of Partial Dismissal [ECF No. 8] and Memorandum and Order dated January 30, 2013 [ECF No. 7], in which the Court dismissed, without prejudice, all of Plaintiff's claims, except his claims for monetary relief against Defendants Derek Dickey and Thomas Bromley, in their individual capacities, for allegedly violating Plaintiff's rights under the Eighth Amendment of the United States Constitution by physically and sexually assaulting him.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Donahue Goins's Motion to Reopen Case [ECF No. 21] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Donahue Goins's Motion to Appoint Counsel [ECF No. 22] is **DENIED as moot.**

Dated this  17th  Day of June, 2014.

　　　　　　　　　　　　　　　　　　　　　*E. Richard Webber*
　　　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE